IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STEVEN ALLEN SMITH,

        Plaintiffs,

v.                                    Case No. 3:16-cv-12736

WESTERN REGIONAL JAIL MEDICAL,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). The undersigned notes that the Application to proceed *in forma pauperis* is incomplete. Before the Application can be accepted for review, the institution of incarceration must complete the certificate located at the bottom of page 2 of the Application, or Plaintiff must submit a transaction record of his inmate account. For that reason, Plaintiff is hereby **ORDERED** to pay the filing fee of $400 or submit to the Court an amended Application to Proceed Without Prepayment of Fees and Costs, which includes the institutional certification, or an inmate account transaction record. **Plaintiff is notified** that the failure to pay the fee or submit the application as instructed within **thirty (30) days** of the date of this Order shall result in a recommendation that the complaint be dismissed.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that, on November 4, 2016 while he was in protective custody at the Western Regional Jail in Barboursville, West Virginia, he was viciously assaulted by another inmate. (ECF No. 2 at 4-5). He claims that correctional officers at the Jail allowed the attack to happen by ignoring Plaintiff's verbalized concerns regarding his safety and by allowing an inmate to "cap" his cell door; thereby, facilitating the inmate's access to Plaintiff. (*Id.*). Plaintiff seeks better security and protection for inmates in protective custody, for correctional officers "to do their jobs and protect us," and $75,000 in monetary compensation for pain and suffering. (*Id.* at 5).

In order to state a cause of action for money damages under 42 U.S.C. § 1983, a plaintiff must show that a person (the defendant) was acting under color of state law

and deprived the plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under 42 U.S.C. § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, Plaintiff has only named the Western Regional Jail as a defendant. The Jail is not a "person" subject to liability under 42 U.S.C. § 1983. Therefore, if Plaintiff claims that a person or persons acting under color of state law has violated his federal civil or constitutional rights, he must amend his complaint to name the individual or individuals and to state precisely what civil or constitutional right was violated. If Plaintiff is unaware of the names of the relevant individuals, Plaintiff shall designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and shall further identify each individual in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual defendant is included in the complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Correctional Officer Thomas LKU ('last name unknown").

**Plaintiff is hereby given notice that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P.**

**41.1.** Plaintiff is also reminded of his obligation to promptly notify the Clerk of Court of any change in his address.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** January 3, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge