IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STEVEN ALLEN SMITH,

        Plaintiff,

v.                                                      CIVIL ACTION NO. 3:16-cv-12736

CORRECTIONAL OFFICER STEVE ADKINS

        Defendant.

**MEMORANDUM OPINION AND ORDER**

    Proceeding *pro se*, Plaintiff, Steven Allen Smith, commenced this suit under 42 U.S.C. §1983, seeking prospective and monetary relief for injuries he received during an assault at the Western Regional Jail ("WRJ") in Barboursville, West Virginia. *Compl.*, ECF No. 2. Pending are Plaintiff's Amended Complaint and Defendant Steve Adkins' Motion for Summary Judgment. *Am. Compl.*, ECF No. 5; *Mot. Summ. J.*, ECF No. 42.[1] Per standing order, the case was referred to The Honorable Cheryl A. Eifert, Magistrate Judge, for Proposed Findings and Recommendations ("PF&R"). *Standing Order*, at 2, ECF No. 3. In her PF&R issued on May 4, 2018, Magistrate Judge Eifert recommends this Court dismiss, without prejudice, Plaintiff's Amended Complaint. *PF&R*, at 11-12, ECF No. 48. As explained below, the Court **ADOPTS** Magistrate Judge Eifert's Proposed Findings and Recommendations, consistent with this Memorandum Opinion and Order, **DISMISSES WITHOUT PREJUDICE** Plaintiff's Amended Complaint, and **GRANTS**

---

[1] The Motion for Summary Judgment is incorrectly styled as a Motion to Dismiss, but the certificate of service and memorandum in support establish that Defendant moves for summary judgment on Plaintiff's amended complaint. ECF Nos. 42 at 3, 43.

1

Defendant's Motion for Summary Judgment insofar as the Plaintiff has not yet exhausted all administrative remedies available to him.

Plaintiff filed objections to the PF&R on May 10, 2017, (*Pl.'s Objs. to PF&R*, ECF No. 49) which the Court will review *de novo*. Plaintiff objects to Magistrate Judge Eifert's Proposed Findings and Recommendations on the grounds Plaintiff was (1) not an "inmate" as contemplated by the Prison Litigation Reform Act ("PRLA") and (2) had sufficiently exhausted the administrative remedies for the instant case because (a) an oral report to WRJ officials was sufficient when handling threats and (b) there was not sufficient time to file a formal written grievance because immediacy of the attack. *Id.* For the forgoing reasons, the Court rejects Plaintiff's objections.

**I. Background**

At the time of filing the Complaint, Plaintiff was a West Virginia Division of Corrections ("WVDOC") inmate incarcerated in the Western Regional Jail ("WRJ") within this judicial district. *Compl.*, at 3. Plaintiff filed an Amended Complaint alleging Defendant, a WRJ correctional officer, allowed another inmate to assault Plaintiff on November 4, 2016. *Am. Compl.*, at 1. Plaintiff contends he was housed in the protective custody unit, which allowed only one inmate out of a cell at a time. *Id.*, at 1; *Resp.*, ECF No. 45, p. 1. According to Plaintiff, he was released from his cell that morning for a shower and a phone call. However, another inmate had placed a toothpaste cap in a manner that prevented that inmate's cell door from locking ("had capped his door") and the inmate allegedly emerged from his cell and attacked Plaintiff. *Resp.*, at 1. Plaintiff argues the fact the door was "capped" should have been visible to Defendant, who was working in the guard tower at the time of the assault, as other guards told him it was "plain as day" when a door was capped, because electronic equipment displayed a red light when a door was

unsecured. *Id*. Plaintiff further claims Defendant should have checked to make sure that the other inmate's door was locked before allowing Plaintiff to exit his cell. *Id.*

Defendant moves for summary judgment on Plaintiff's Amended Complaint, arguing Plaintiff has not pursued, much less exhausted, his available administrative remedies as required under the PLRA, 42 U.S.C. § 1997e(a). *Mot. Summ. J.*; *Memo in Supp.*, ECF No. 43. Defendant cites to Plaintiff's deposition testimony in which Plaintiff stated he did not file any administrative grievances regarding his claim that Defendant should have conducted proper surveillance to prevent Plaintiff from being assaulted. *Memo in Supp.*, at 2-3.

## II. Standard of Review

This Court conducts a *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). The Court, however, is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).[2]

---

[2] Plaintiff does not contest the factual findings made by the Magistrate Judge. Instead, Plaintiff only objects to two of the Magistrate Judge's legal conclusions. Finding support in the record for the Magistrate Judge's factual conclusions, the Court adopts the factual findings relevant to Defendants' Amended Complaint as presented in the PF&R. Likewise, finding support in the factual record and the applicable law, the Court adopts the legal conclusions of the Magistrate Judge to which no objections were made, and are not contradicted in this Memorandum Opinion and Order.

### III. Discussion

In his first objection, Plaintiff argues he was a "pre-trial felon" and not considered an "inmate" under the PLRA. *Pl.'s Objs. to PF&R*. In the PF&R, Magistrate Judge Eifert found Plaintiff to be an "inmate incarcerated in the Western Regional Jail." *PF&R*, at 1. While the Magistrate Judge did not directly address the scope of who qualifies as a "prisoner," the statute is cited as applying to "prisoner[s] confined in any jail, prison, or other correctional facility." *Id.*, at 4 (*citing* 42 U.S.C. § 199e(a)).

To define a "prisoner," the PLRA clarifies that this term "means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The plain language of the statute places incarcerated "pre-trial felons" within the realm of this definition as detained persons "accused of . . . violations of criminal law." *Id.* Plaintiff does not cite, nor does this Court find, legal precedence meriting a deviation from the plain text of this statute. As such, the Court rejects Plaintiff's first objection.

In his second objection, Plaintiff argues Magistrate Judge Eifert incorrectly states the required grievance procedure. Plaintiff asserts the Handbook of Inmate Rules and Procedures ("WRJ Handbook"), which "serves as the basis for internal discipline in the regional jails" (*W. Va. Code* §94-5-2), does not state an inmate "'must' file a grievance in such matters" and that an inmate may file a complaint orally to satisfy the procedure. *Pl.'s Objs. to PF&R*, at 1. Plaintiff further argues he does not "have time to file a [g]rievance in the time [i]t takes for the the (*sic*) other Inmate to [a]ttack me." *Id.*

Here, Plaintiff conflates his original action regarding the threats he received as an action on his present complaint. While plaintiff had filed an oral report under the special procedures of

the WRJ Handbook for the threats preceding the assault, nowhere in the record has Plaintiff claimed he invoked any of the internal procedures to trigger an internal investigation of Defendant's alleged failure to act upon Plaintiff's report. This failure to act is a separate legal issue from the attack itself and is the basis for Plaintiff's present suit.

Magistrate Judge Eifert has laid out, in detail, the multiple avenues for Plaintiff to file a routine request or grievance. Plaintiff has admitted to not availing himself of these procedures within the context of his present complaint, nor has he alleged any functional unavailability of these procedures. *Pl. Depo. Trans.*, at 24, ECF No. 42-1. As such, Plaintiff's oral report of threats does not constitute any action on his claim against Defendant. Furthermore, while this Court takes seriously the safety of prisoners and the availability of procedures to address potentially dangerous situations, Plaintiff's objections miss the mark on the instant legal issue. Therefore, the Court rejects Plaintiff's second objection.

**IV. Conclusion**

Accordingly, for these reasons, the Court **ADOPTS** the Proposed Findings and Recommendations of Magistrate Judge Eifert, **DISMISSES WITHOUT PREJUDICE** Plaintiff's Amended Complaint, **GRANTS** Defendants' Motion for Summary Judgment insofar as the Plaintiff has not yet exhausted all administrative remedies, and **ORDERS** this action be removed from the docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unpresented parties.

ENTER: September 19, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE